**SO ORDERED.**

**SIGNED this 02 day of November, 2009.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

Opinion designated for on-line use, but not print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: | |
| SUSAN ANN MANGAN , | CASE NO. 08-40145 |
| DEBTOR. | CHAPTER 7 |

### MEMORANDUM OPINION AND ORDER
### GRANTING IN PART THE TRUSTEE'S MOTION FOR
### TURNOVER OF ECONOMIC STIMULUS PAYMENT

The matter under advisement is the Chapter 7 Trustee's motion for turnover of the economic stimulus payment received by Debtor postpetition.[1] Robert L. Baer, the Chapter 7 Trustee, appears by John T. Houston of Cosgrove, Webb & Omen. Debtor Susan Ann Mangan appears pro se. There are no other appearances. The Court has jurisdiction.[2]

---

[1] Doc. 45.

[2] The Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code

The Economic Stimulus Act of 2008 (hereafter the Act) became effective on February 13, 2008. Under the Act, certain individuals qualified for payment of $600 each, plus $300 for each dependent as a credit against 2008 income tax liability, but with the stimulus payment to be calculated with reference to the taxpayer's 2007 income tax return.

In this case, Debtor filed for relief one day afer the effective date of the Act. Debtor and her spouse filed their 2007 income tax return on or after April 15, 2008. It showed a tax liability of $1,923. In the fall of 2008, Debtor and her spouse received a stimulus payment of $1,500, based upon $600 for each taxpayer and $300 for one dependent child. In June 2009 the Trustee filed the turnover motion. Debtor opposed turnover based upon the fact that her 2008 tax return was filed postpetition and also argues that if the estate is entitled to the stimulus money, it is entitled to only her share and not to the portion of the payment attributable to her husband.

This Court thoroughly explored the history and substantive provisions of the Act in *In re Schwinn*.[3] It concluded that where debtors filed for relief after the effective date of the Act and after filing their 2007 tax return, the estate had a contingent interest in the stimulus payment as of the date of filing. The Chapter 7 trustee was therefore entitled to turnover of the stimulus payment received postpetition.

Debtor urges that *Schwinn* should not control this case since her 2007 tax return was filed postpetition whereas in *Schwinn* it had been filed prepetition. The Court finds that this distinction makes no difference in the analysis of the estate's interest in the stimulus payment.

---

and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion for turnover is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(E). There is no objection to venue or jurisdiction over the parties.

[3] *In re Schwinn*, 400 B.R. 295 (Bankr. D. Kan. 2009).

In this case, as in *Schwinn*, the Debtor held a contingent interest in a stimulus payment when the case was filed. In both cases, the Act was effective when the cases were filed and the taxpayers became entitled to payment based upon their 2007 income tax returns. The date on which those returns were filed was not material to the right to payment or the amount of the payment. Under the analysis of *Schwinn*, the Court therefore holds that the Trustee is entitled to turnover of the Debtor's interest in the stimulus payment.

Unlike *Schwinn*, however, Debtor's spouse is not a debtor under Chapter 7. His interest in the stimulus payment is not property of the estate. Debtor asserts that his interest is $600, plus $150, which is one half of the $300 attributable to the his minor child. The Trustee agrees, citing two cases,[4] which hold that the stimulus payment should be divided equally between a debtor's bankruptcy estate and the non-debtor spouse. These courts relied on section 6428.2008(f)(2) of the Act, which provides that in the case of a joint return "half of such refund or credit shall be treated as having been made or allowed to each individual filing such return." The Court therefore holds that the Trustee is entitled to turnover of $750, which is one half of the stimulus payment.

In conclusion, the Court grants the Trustee's motion for turnover in part, ordering the Debtor to turnover $750, which is one half of the Stimulus Payment.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be

---

[4] *In re Thompson*, 396 B.R. 5, 12 (Bankr. N.D. Ind. 2008); *In re Martin,* 2008 WL 4951972 (Bankr. D. Neb. Nov. 18, 2008).

entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###

4